IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN MORRISON ENTERTAINMENT, LLC,

                                          Plaintiff,

      v.

O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD.,
NICHOLAS D. THOMPSON, HEATHER CLARK,
ANGELA HAYES, BARB HONCHAK,
ANGELA MAGANA, MICHELLE OULD,
PATRICIA VIDONIC and KAITLAN YOUNG,

                        Defendants.

ORDER

13-cv-753-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Sean Morrison Entertainment, LLC has filed a complaint in which it alleges that it was the principal financier of a "reality" television series called "Ultimate Women's Challenge," which featured mixed martial arts competitions between women. Plaintiff alleges that most of the named defendants were participants in the series; defendants O'Flaherty, Heim, Egan & Birnbaum, Ltd. and Nicholas D. Thompson represented the other defendants in a case filed in Wisconsin state court. (Plaintiff does not describe the claims raised in the other case.) Plaintiff alleges that, "[b]y filing the Wisconsin Complaint, Defendants willfully misappropriated and disclosed trade secrets belonging to the Plaintiff, and tortiously interfered with Plaintiff's prospective economic advantage."

      A review of plaintiff's complaint raises questions about subject matter jurisdiction

1

that must be resolved before I can allow the case to proceed.  McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.") (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998)).  In the section of its complaint addressing jurisdiction, plaintiff states that jurisdiction is present under 28 U.S.C. §§ 1332 and 1367.  However, the complaint does not show that either of these statutes provides a basis for jurisdiction in this case.

Under § 1332, the proponent of jurisdiction must show that plaintiff and defendants are citizens of different states and that the amount in controversy is greater than $75,000.  However, plaintiff alleges that both it and defendant Honchak are citizens of Illinois, which is enough to destroy jurisdiction under § 1332.  Hart v. FedEx Ground Package Systems, Inc., 457 F.3d 675, 676 (7th Cir. 2006) (under § 1332, proponent of jurisdiction must show "complete diversity," which means that "no plaintiff may be from the same state as any defendant").

Section 1367 allows a plaintiff to bring supplemental state law claims when those claims are related to federal claims in the same case.  The only federal law plaintiff invokes is the Declaratory Judgment Act, 28 U.S.C. § 2201, and it is well established that the act "is not an independent grant of federal subject-matter jurisdiction, so jurisdiction depends upon the nature of the anticipated claims."  DeBartolo v. Healthsouth Corp., 569 F.3d 736, 741 (7th Cir. 2009).  Because plaintiff does not identify any substantive federal claims in its complaint, § 1367 does not apply either.

Without a basis for subject matter jurisdiction, this case cannot proceed in federal

court. Although plaintiff has not made the proper showing at this time, I will give it an opportunity to show cause why the case should not be dismissed.

ORDER

IT IS ORDERED that plaintiff Sean Morrison Entertainment, LLC may have until November 25, 2013, to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Entered this 7th day of November, 2013.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3